# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Shakira Harris, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | |
| ) | |
| Carter-Young, Inc., ) | **COMPLAINT WITH** |
| ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |
| ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*

## PARTIES

1. Plaintiff, Shakira Harris, is a natural person who resides in Gwinnett County, Georgia.

2. Defendant, Carter-Young, Inc., is a corporation formed under the laws of the State of Georgia and registered to do business in Georgia. Defendant may be

1

served with process via its registered agent, Stephen Carter, 882 North Main Street, Suite 120, Conyers, GA 30012.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a registered agent in Rockdale County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical visit and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency that focuses on the collection of consumer debt.

9. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff was attempting to get her financial affairs in order and attempted to contact her creditors in order to create a financial plan to get out of debt and increase her credit score.

13. On or about the morning of August 28, 2020, Plaintiff called Defendant to obtain information about her account.

14. During the phone call, Plaintiff advised Defendant that she could not receive phone calls between 8:30 a.m. and 5:00 p.m. because she was at work and was not allowed to receive phone calls or she could lose her job.

15. Plaintiff did seek to bar the Defendant from calling her at any hour otherwise permitted by law; for example, between 5:00 p.m. and 9:00 p.m.

16. Defendant's representative acknowledged her request.

17. Yet, Defendant called Plaintiff that very afternoon at 2:49 p.m. while Plaintiff was at work.

18. Defendant's actions caused Plaintiff anxiety and worry that she would lose her job for receiving phone calls while she was at work.

19. Defendant took time out of her day to seek the advice of counsel regarding the Defendant's collection attempts.

## INJURIES-IN-FACT

20. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc*., 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

21. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

22. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

23. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

24. Defendant's acts and omissions caused particularized harm to the Plaintiff in that she was suffered worry and anxiety that she was going to be taken advantage of by the collection agency attempting to collect payment form her while she was on medication, and also that she took time to discuss this debt with counsel in response to the calls.

25. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## **DAMAGES**

26. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry due to concerns that she might be fired for receiving phone calls while at work.

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

27. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully stated herein.

### *Violations of 15 U.SC. § 1692c and subparts*

28. A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer or at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

29. Defendant had direct and actual knowledge that the Plaintiff was at work during the hours which Defendant called Plaintiff.

30. Defendant's call(s) as described herein violated 15 U.S.C. § 1692c(a)(1) and 1692c(a)(3).

### *Violations of 15 U.SC. § 1692d and subparts*

34. Defendant's phone calls to Plaintiff during hours which Defendant knew Plaintiff could not receive phone calls were intended to harass, abuse, embarrass, and intimidate the Plaintiff.

35. Defendant's conduct violated 15 U.S.C. § 1692d.

31. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

32. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 16th day of September, 2020.

        **BERRY & ASSOCIATES**
        */s/ Matthew T. Berry*
        Matthew T. Berry
        Georgia Bar No.: 055663
        *matt@mattberry.com*
        2751 Buford Highway, Suite 600
        Atlanta, GA 30324
        Ph. (404) 235-3300
        Fax (404) 235-3333

        */s/ Chris Armor*
        Christopher N. Armor
        Georgia Bar No. 614061
        P.O. Box 451328
        Atlanta, GA 31145
        Phone 470-990-2568
        Fax 404-592-6102
        *chris.armor@armorlaw.com*
        Plaintiff's Attorneys